STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-022
PAF - YOR - 1/7/2005

SHEILA THAIN,

Plaintiff

v.

HENRIETTA D. GOODALL
HOSPITAL, INC.,

Defendant

ORDER
AND
DECISION

JAN 26 2005

Sheila Thain had been employed starting on June 1, 2001 as a phlebotomist by the defendant hospital. Ms. Thain was required as part of her job to both draw blood from patients and maintain records related to her work.

On November 30, 2001 Ms. Thain submitted a request for a family and medical leave of absence effective immediately. That request was granted and Ms. Thain underwent surgery on January 9, 2002 for a condition unrelated to this lawsuit. In late January of 2002 Ms. Thain informed her supervisor that she had also been diagnosed with multiple sclerosis.

As the end of the surgery based leave of absence approached discussions, the exact substance of which are disputed, were held between Ms. Thain and hospital officials. Goodall eventually terminated Ms. Thain's employment effective April 21, 2002. This suit based on the Maine Human Rights Act followed. The defendant has now moved for summary judgment.

Under Maine law "The opportunity for an individual to secure employment without discrimination because of ... physical or mental disability ... is recognized as

and declared to be a civil right." 5 M.R.S.A. §4571. The Maine Human Rights Act also states that, "A covered entity may not discriminate against a qualified individual with a disability because of the disability of the individual in regard to … (the) discharge of employees." 5 M.R.S.A. §4572(2).

There is no dispute that the defendant is a "covered entity", 5 M.R.S.A. §4553(1-B) and (4) or that the plaintiff has a physical disability, 5 M.R.S.A. §4553(7-A). The central issue is whether Ms. Thain was a "qualified individual with a disability", 5 M.R.S.A. §4553(8-D). That term is defined for purposes of employment discrimination, as "an individual with a physical or mental disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that the individual holds or desires." Reasonable accommodation for employment purposes can include, among other remedies, "Job restructuring (or) part-time or modified work …." 5 M.R.S.A. §4553(9-A).

The plaintiff has the burden of establishing that "first, she suffers from a disability; second, she is otherwise qualified, with or without reasonable accommodations, and is able to perform the essential functions of the job; and third, she was adversely treated by the employer based in whole or in part on her disability." *Doyle v. Department of Human Services*, 2003 ME 61, ¶14, 824 A.2d 48, 54. It is agreed that Ms. Thain suffers from a disability. The precise question is whether Ms. Thain, taking the evidence in the light most favorable to her, can establish that she was qualified to perform the essential functions of the job, which include both drawing blood and doing computer and paperwork to create and maintain necessary records.

A purpose of the law prohibiting employment discrimination based on disability is to allow individuals who can do the job, with or without reasonable accommodations, to obtain and keep their jobs. However, if the person cannot, even with reasonable

accommodations, perform the essential functions of the job the employer is permitted to discharge the individual.

In this case Ms. Thain has not demonstrated that she could do the essential functions of her job. Her lawyer at the time sought only a continuation of her leave of absence for an indefinite time. He indicated that she might be able to return to work in some capacity at some time in the relatively near future. Ms. Thain has argued that she did not produce medical evidence, which was reasonably required by the employer after her leave, because the hospital required proof that she could work without reasonable accommodations. Regardless of whether that assertion is correct she still had the obligation to provide evidence that she could, at least, do the full job with reasonable accommodations. She never provided the hospital with such evidence.

Ms. Thain is required to prove that despite her disease she could do the job of drawing blood. She did not produce that evidence and her claim must fail.

The hospital has also claimed that Ms. Thain did not adequately participate in an "interactive process" where she and the hospital talked over her situation, needs and abilities. It is not necessary to reach this issue. While it is not yet certain that Maine law requires this process, there are significant factual disputes as to which side is more responsible for the breakdown in communication.

The entry is:

Defendant's motion for summary judgment is granted. Judgment for the defendant on the complaint.

Dated:     January 7, 2005

Paul A. Fritzsche
Justice, Superior Court

cc:   Peter L.  Thompson, Esq. - PL
      James R. Erwin, Esq. - DEF

3